J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:25-cv-03290-SSS-SPx | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Corona Norco Unified School District v. Schindler Elevator Corporation* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 12]**

Before the Court is plaintiff Corona Norco Unified School District's motion to remand. ["Motion," Dkt. No. 12]. The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **GRANTS** the Motion.

## I.    BACKGROUND

On August 11, 2025, Plaintiff filed a complaint in the Superior Court of California, County of Riverside against defendant Schindler Elevator Corporation. ["Complaint," Dkt. No. 1-1]. The Complaint arises from an alleged accident that occurred when Plaintiff's employees were injured when Defendant's elevator suddenly dropped. [*Id.*] Plaintiff now moves for subrogation of the workers' compensation benefits paid to the injured employees. [*Id.*]

On December 5, 2025, Defendant removed the action to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. [Dkt. No. 1]. On January 5, 2026, Plaintiff filed the instant Motion. [Mot.] Defendant opposed on January 23, 2026. ["Opp'n," Dkt. No. 15]. Plaintiff filed a reply in support of the Motion. ["Reply," Dkt. No. 16].

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which a federal court could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy of more than $75,000. 28 U.S.C. § 1332; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).

"A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction"). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id*. (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## III.    DISCUSSION

Here, Plaintiff does not dispute whether jurisdiction is met under 28 U.S.C. § 1332; instead, Plaintiff argues this matter should be remanded pursuant to 28 U.S.C. § 1445(c) because Plaintiff's claims derive from California's workers' compensation law. [Mot.]. After reviewing the relevant authority and keeping in mind that Defendant bears the burden of establishing proper removal, the Court finds that removal of this action is improper.

Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Neither Congress nor the Ninth Circuit has defined "arising under" in the § 1445(c) context. However, "all courts to have addressed the issue agree that 'arising under' in § 1445 means the same thing as it does in 28 U.S.C. § 1331—the statute explicating federal-question jurisdiction."

*Ramirez v. Saia Inc.*, No. 2:14-cv-04590-ODW(JCx), 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014); *accord Snelling Emp't, LLC v. Cousins Packaging Inc.*, No. 14-cv-05018–RMW, 2015 WL 328402, at *1 (N.D. Cal. Jan. 23, 2015) ("[A]ll courts to have addressed the issue agree that 'arising under' in § 1445 has the same meaning as it does in 28 U.S.C. § 1331.").  The Ninth Circuit has stated that "arising under" in the § 1331 context means that "it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142–43 (9th Cir. 2000).  Therefore, as applied to § 1445(c), a civil action "arises under" a state's workers' compensation law when (1) the law creates plaintiff's cause of action or (2) is a necessary element of plaintiff's claim.  Relevant here, under California Labor Code § 3852, an employer "who bec[a]me obligated by state law to pay workers' compensation benefits [may] bring an action against a tortious third party for recovery of those benefits." *Zurich Am. Ins. Co. v. Gen. Motors Corp.,* 242 F. Supp. 2d 736, 737 n.2 (E.D. Cal. 2003).  Accordingly, the Court finds that Plaintiff's subrogation claim is created by state law and thus "arises under" California's workers' compensation law.

Further, in a similar case, the Ninth Circuit "assume[d], without deciding," that a city's "claim for recovery of workers' compensation benefits" does "'aris[e] under' California's workers' compensation law." *Vasquez v. North County Transit District*, 292 F.3d 1060–61 (9th Cir. 2002).  While the Ninth Circuit did not decide the question of whether subrogation claims are barred by 28 U.S.C. § 1445(c), it did offer the congressional reasons animating the purpose of 28 U.S.C. § 1445(c). Specifically, the Ninth Circuit noted three reasons: (1) Congress wanted to preserve plaintiff's forum choice in workers' compensation cases; (2) a state has an interest in administering its own workers' compensation scheme; and (3) Congress was concerned that the removal of workmen's compensation cases from state courts "greatly increased" the federal courts' workload.  *Id.* at 1061.

Considering Plaintiff's subrogation claim arises under California workers' compensation law, and the congressional concerns behind § 1445(c), the Court finds that § 1445(c) bars removal of Plaintiff's claim.  This conclusion is aligned with other district courts in California, which have found that "[c]laims under California Labor Code § 3852 arise under California's workers' compensation laws and therefore may not be removed from state court." *Camacho v. JLG Indus., Inc.*, SACV 17-1188 DOC (KESx), 2017 WL 3894981, at *2 (C.D. Cal. Sept. 6, 2017) (citing *Zurich*, 242 F. Supp. 2d at 739).

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. Accordingly, the case is hereby **REMANDED** to the Superior Court of California, County of Riverside.  (JS-6)

**IT IS SO ORDERED.**